IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JAVIER H.,**

      Plaintiff,

**v.**

                                              No. 2:24-cv-01120-MIS-JHR

**FRANK BISIGANO,**
**Commissioner of Social Security**,

      Defendant.

## ORDER VACATING ORDER OF REFERENCE AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

THIS MATTER is before the Court on Plaintiff Javier H.'s Motion for Judgment on the Pleadings. ECF No. 14. The Social Security Administration ("Commissioner") filed a Response, ECF No. 18, to which Plaintiff filed a Reply, ECF No. 19.  On November 12, 2024, the Court issued an Order referring this matter to the Magistrate Judge ("Order of Reference").  ECF No. 8. The Order of Reference is hereby **VACATED** and, upon review of the briefing, the record, and the relevant law, the Court **GRANTS** Plaintiff's motion.

## I.      PROCEDURAL BACKGROUND

Plaintiff applied for a period of disability, disability insurance benefits, and protective supplemental security income on October 4, 2021. AR at 11. He alleged a disability onset date of August 4, 2021. *Id.* His claim was denied initially and upon reconsideration. *Id.* Administrative Law Judge ("ALJ") Tresie Kinnell held a video hearing on January 9, 2024, attended by Plaintiff, his attorney, and an impartial vocational expert. *Id.* The ALJ issued her unfavorable decision on March 12, 2024. *See* AR at 11–24.

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; and (2) she has a "severe medically determinable ... impairment ... or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) her impairment(s) either meets or equals one of the Listings of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

Here, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2026. AR at 13. At step one, she found that Plaintiff had not engaged in substantial gainful activity during the period between his alleged onset date and his date last insured. *Id.* At step two, the ALJ found that Plaintiff suffered from the following severe impairments: history of thoracic ascending aortic aneurysm status post triple coronary artery bypass and prosthetic heart valve, congestive heart failure, cardiomegaly, non-rheumatic aortic

insufficiency, heart murmur, cardiomyopathy, hypertension, postural dizziness and obesity. AR at 13-14. She found Plaintiff's foot sprain and adjustment disorder with anxiety were not severe. *Id.* at 14. Because of Plaintiff's non-severe adjustment disorder with anxiety, the ALJ assessed the four broad areas of mental functioning for evaluating mental disorders, known as the "paragraph B" criteria. AR at 14, 15. She found Plaintiff has a mild limitation in three categories— understanding, remembering, or applying information; concentrating, persisting, or maintaining pace; and adapting or managing oneself—and no limitation in the category of interacting with others. *Id.*

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. *Id* at 15. She therefore went on to assess Plaintiff's residual functional capacity ("RFC"). AR at 16–20. The ALJ found that Plaintiff could perform light work with certain limitations:

> [T]he claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk six hours in an eight-hour day and sit six hours in an eight-hour day. He can occasionally climb ramps and stairs and can frequently stoop and crouch, but can never climb ladders, ropes or scaffolds. He is precluded from exposure to unprotected heights, hazardous machinery with moving mechanical parts, open flames and bodies of water. He should have no more than occasional exposure to extreme head and cold, humidity, wetness, fumes, odors, dust, gases, and poor ventilation.

AR at 16.

At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a cleaner/janitor. AR at 22. Accordingly, the ALJ went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the vocational experts at step five. AR at 22–23. She found that Plaintiff could perform the representative jobs of price marker, inspector and hand packager, and garment sorter, which together, exist in significant numbers in the national economy. AR at 23. Ultimately, the ALJ determined that Plaintiff had not been under a disability as defined

3

by the Social Security Act and denied his claim. AR at 47. The Appeals Council denied review on August 28, 2024. AR at 1. Plaintiff timely filed the instant action. ECF No. 1.

## II.  STANDARD OF REVIEW

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

### III.   ANALYSIS

An RFC assessment must consider the combined effect of all severe and non-severe medically determinable impairments. 20 C.F.R. § 404.1545(a)(2). An ALJ may not rely on finding an impairment non-severe at step two as a substitute for a proper RFC analysis. *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013). "[A]nd most importantly, the ALJ's 'RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *Id.* (citing Social Security Ruling (SSR) 96-8p, 1996 WL 3741184, at *8 (July 2, 1996)).

The ALJ's "paragraph B" mental assessment in the four functional areas is not tantamount to an RFC analysis; rather "having assessed certain mental limitations at steps two and three, [the ALJ] is required *either* to include corresponding limitations in the RFC assessment *or* to explain the omission." *Willie v. Saul*, No. 19-cv-00329, 2020 WL 2065286, at *4 (D.N.M. Apr. 29, 2020) (internal citation and brackets omitted). To be sure, the Tenth Circuit has underscored that "a conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." *Wells,* 727 F. 3d at 1068–69; *see also Crowder v. Colvin*, 561 F. App'x 740, 746 (10th Cir. 2014) ("If the ALJ again chooses to assess moderate impairments in concentration, persistence, and pace at step three, but not to include any limitation . . . in the RFC at step four, he should explain the basis of his decision.").

Here, the ALJ found that Plaintiff had mild limitations in three mental functional categories (understanding, remembering, or applying information; concentrating, persisting, and maintaining pace; adapting and managing oneself) and no limitation in one category (interacting with others). AR at 14, 15. Plaintiff does not dispute these ratings per se but challenges how the ALJ incorporated them—or rather failed to incorporate them—into the RFC. Plaintiff's attack on the RFC assessment relating to mental impairments is twofold, alleging that the ALJ erred by not including any mental limitations in the RFC as well as challenging the ALJ's failure to discuss why she decided not to include any mental limitations. *See* ECF No. 14.

The Court is not persuaded that the ALJ should have included mental limitations. That analysis would necessitate improper reweighing the evidence and substituting the Court's judgment for that of the ALJ. However, the Court agrees with Plaintiff that the RFC discussion of mental limitations was inadequate and did not build the logical bridge between the evidence and the ALJ's conclusions. *See Natalie L. v. Kijakazi*, 631 F. Supp. 3d 1114, 1117–18 (D. Utah 2022). The issue is not that the ALJ altogether failed to discuss Plaintiff's mental impairments; she noted and discounted Plaintiff's mental impairment symptoms in her RFC discussion, even if scant. *See* AR at 17 (noting Plaintiff does not take medication or see a provider for his depression and anxiety); AR at 18 (noting Plaintiff appeared anxious at cardiac examinations); AR at 21 (rejecting consultative examiners' opinions that Plaintiff is limited to basic work because of his mental impairments).

The problem is that the ALJ failed to *explain* why these mental impairments warranted no work limitations. This omission is particularly apparent because she did explain why and how Plaintiff's physical impairments warranted further RFC limitations. For example, "[t]he additional environmental and work hazard limitations are supported by the claimant's shortness of breath,

occasional dizziness and anti-coagulation medication," AR at 20, and "[o]besity affects the claimant's limitations on standing, walking, lifting, and carrying heavier weights[,]" AR at 19–20. But there is no corresponding discussion explaining the absence of any mental RFC limitations, notwithstanding her findings of mild limitations in three categories.

The Commissioner's brief does not directly remedy this issue. Recognizing some truth in Plaintiff's argument that "the ALJ gave no explanation for her conclusion that no mental functional workplace limitations were needed," the Commissioner essentially says the brief notations of Plaintiff's mental health symptoms are enough to infer why the ALJ did not limit the RFC. ECF No. 18 at 9, 10. Even if the RFC discussion could be better, the Commissioner argues, the ALJ's explanation is legally sufficient and sound. *Id.* at 8. However, accepting the notations as analysis would require the Court to engage in post-hoc rationalization. The ALJ's discussion of symptoms offers no indication of *why* the ALJ's mild assessment in three out of four mental functioning categories, stemming from a medically determinable impairment, warranted no mental RFC limitation. *See Willie*, 2020 WL 2065286, at *4. Arguing legal generalities and nodding toward evidence the ALJ merely mentioned does not mend the record, and the Court cannot fill in the gaps with its own judgment.

In sum, the ALJ failed to supply a comprehensive narrative discussion explaining the RFC's omission of any mental limitation in light of the ALJ's previous step two and three findings. *See Wells*, 727 F.3d at 1065. The Court cannot meaningfully review the ALJ's conclusions and will therefore remand for further proceedings. *See Guice v. Comm'r, SSA*, 785 F. Appx. 565, 575 (10th Cir. 2019).

### IV.    CONCLUSION

**IT IS THEREFORE ORDERED** that the Order of Reference (ECF No. 8) is **VACATED**, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 14) is **GRANTED,** and the matter is **REMANDED** to the Commissioner for further proceedings.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE